LLOYD E. ROUNDS *et ux. vs.* THE PROVIDENCE AND STONINGTON STEAMSHIP COMPANY.

The United States limited liability act of March 3, 1851, in favor of ship owners, &c., Revised Statutes U. S. §§ 4283–4285, applies to injury to the person as well as to injury to property.

The institution and prosecution of proceedings under Revised Statutes U. S. § 4285, in a District Court of the United States, followed by a decree, is a bar to an action in this court to recover damages for personal injuries received in the marine collision which was the basis of the proceedings in the District Court.

TRESPASS ON THE CASE.    On demurrer to plea.

This action was brought to recover damages for personal injuries received by the plaintiffs when passengers on one of the defendant's steamers, the Narragansett, which collided with another steamer belonging to the defendant, June 12, 1880, and in consequence of the collision caught fire, burned, and sunk off Cornfield Lightship, in Long Island Sound.

The declaration in four counts charges the defendant with negligence in the equipment, navigation, and conduct of the Narragansett, and avers that the plaintiffs' injuries resulted from such negligence.

The defendant pleaded that under the limited liability act of March 3, 1851, it, June 16, 1880, filed its libel in the District Court of the United States for the Southern District of New York, setting forth the circumstances of the collision, alleging that the accident resulted from no fault of the defendant, that the value of the steamer and freight was insufficient to compensate the freighters, that it elected to transfer its interest in the steamer and freight to a trustee to be appointed pursuant to the above act, that a trustee was appointed by the District Court, that the proper transfers were made and a monition issued to all persons interested to prove their claims before a commissioner named and

within a time specified, and that the District Court had enjoined the prosecution of all suits upon any claim for damages caused by the collision.

To this plea the plaintiff demurred and the defendant joined in demurrer.

*Edwin Metcalf*, *Warren R. Perce & Albert D. Bean*, for plaintiffs in support of the demurrer.

The defendant pleads in bar of this action, the act of Congress entitled " An Act to limit the liability of ship owners and for other purposes," passed March 3, 1851, 9 Statutes at Large, 635 ; Brightley's Digest, 834, and proceedings thereunder, in the District Court of United States for the Southern District of New York.

To these pleas the plaintiff demurs, and says that said act does not relate to the personal bodily injuries of passengers, but only to the loss or damage which may happen to any goods or merchandise whatsoever by fire, without the neglect of the ship owner, and that the remedy provided by § 4 of said act, and under which said proceedings were had, is intended simply to reimburse the freighters of goods, wares, or merchandise, or any property whatever, in proportion to the value of the ship and freight, in cases where such property has been destroyed or injured by fire, without the fault of the shipowner. The act provides in § 6 that said act shall not affect the remedies against actual delinquents.

This act was passed in consequence of the decision in *New Jersey Steam Navigation Co.* v. *Merchants' Bank*, 6 How. U. S. 344, which held that the New Jersey Steam Navigation Co. was liable for goods lost by fire upon the Lexington, burned upon Long Island Sound. *Walker* v. *Transportation Co.* 3 Wall. 150–152. The object of the statute, as stated by Justice Catron and as appears from the debates in Congress at the time of its passage, 23 Congressional Globe, 713–718, was to place our commercial marine on an equal footing with that of Great Britain. It was not intended to relax in any degree the rigor of the law as to the carriage of passengers. In this case it appears by the averments of the declaration that the defendant was grossly violating the provisions of the law by the improper manning, equipment, and navigation of said steamer, and cannot set up this act for a defence,

being delinquent and criminally negligent and conducting itself in violation of law. But in this case the plaintiff has confined his claim for damages to his personal injuries, and has made no claim for loss of personal property, not even for his baggage, although it has been held in *Chamberlain* v. *The Western Transportation Co.* 44 N. Y. 305, that claims for loss of a passenger's baggage are not excluded by said act.

We refer to *Carroll* v. *Staten Island R. R. Co.* 58 N. Y. 126, in which it was expressly decided that the provisions of said act do not affect the liability of common carriers by steamboats for personal damages sustained by passengers by reason of the negligence of such carrier.

In the case of *Wallace* v. *Providence & Stonington Steamship Co.*, which relates to this very collision and accident, reported in 14 Federal Reporter, page 56, the plaintiff sued for personal injuries *and loss of baggage.* It was held that said act of Congress precluded any claim for loss of baggage, but that as to his personal injuries the plaintiff might be allowed to prove his case. In the case at bar no claim whatever is made for loss of baggage or property, but the action is solely for bodily and personal injuries, and by the authority of said decisions the plaintiff asks for a consideration of his claim by a jury.

*James M. Ripley & John D. Thurston*, for defendant.

*January* 26, 1884. DURFEE, C. J. The demurrers raise two questions in regard to the construction of the following sections of the Revised Statutes of the United States, to wit:

SECT. 4283. The liability of the owner of any vessel for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing lost, damage or forfeiture done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel and her freight then pending.

SECT. 4284. Whenever any such embezzlement, loss, or destruction is suffered by several freighters or owners of goods, wares, merchandise, or any property whatever, on the same voyage, and the whole value of the vessel and her freight for the voyage is not

sufficient to make compensation to each of them, they shall receive compensation from the owner of the vessel in proportion to their respective losses; and for that purpose the freighters and owner of the property, and the owner of the vessel, or any of them, may take the appropriate proceedings in any court, for the purpose of apportioning the sum for which the owner of the vessel may be liable among the parties entitled thereto.

SECT. 4285. It shall be deemed a sufficient compliance on the part of such owner with the requirements of this Title relating to his liability for any embezzlement, loss, or destruction of any property, goods, or merchandise, if he shall transfer his interest in such vessel and freight, for the benefit of such claimants, to a trustee, to be appointed by any court of competent jurisdiction, to act as such trustee for the person who may prove to be legally entitled thereto; from and after which transfer all claims and proceeding against the owner shall cease.

The first question is, whether the sections extend to injuries to the person as well as to injuries to property. The language of § 4283 is plainly broad enough to include injuries to the person. It extends to " any loss, damage, or injury by collision," and to " any act, matter, or thing lost, damage or forfeiture done, occasioned, or incurred, without the privity or knowledge " of the ship owners. The object of the section was to limit the liability of such owners, and the words seem to have been carefully chosen for the very purpose of carrying the limitation to every loss or injury for which there was any liability. There would be no doubt on this point were it not for the next two sections, which make provision for the procedure for giving effect to the limitation. These sections, if we look only to the letter, apply only to injuries and losses of property. The question is, therefore, whether we shall by construction bring the three sections into correspondence by confining the scope of § 4283 to injuries and losses of property, or by enlarging the scope of the two other sections so as to include injuries to the person. We think it is more reasonable to suppose that the designation of losses and injuries in §§ 4284 and 4285 is imperfect, a part being mentioned representatively for the whole, and consequently that those sections were intended to extend to injuries to the person as well as to injuries

to property, than it is to suppose that § 4283 was intended to extend only to the latter class of injuries, and was inadvertently couched in words of broader meaning. The probable purpose was to put American ship owners on an equality with foreign ship owners in this regard, and in the great maritime countries of England and France the limitation of liability extends to personal as well as to property injuries and losses. In the case of the *Epsilon*, 6 Benedict, 378, this point was carefully examined by Judge Benedict, of the Eastern District of New York, and his conclusion was that the sections prescribing procedure could not be held " to engraft any restriction upon the language " of the section granting the limitation. His opinion was that the United States District Courts have power to carry the limitation into effect under their general admiralty jurisdiction independently of the provisions for procedure. The construction applied by Judge Benedict was approved and followed by Judge Choate, of the Southern District of New York, in the case of the *Seawahnaka*, 5 Federal Reporter, 599, 624, in which he held that claims for damages for personal injuries " cannot be distinguished from claims arising out of loss of cargo." See, also, *Norwich Co.* v. *Wright*, 13 Wall. 104; *The Providence & New York Steamship Co.* v. *The Hill Manufacturing Co.* 109 U. S. 578. We therefore decide that the limitation of liability extends to personal injuries. The case of *Wallace* v. *Providence & Stonington Steamship Co.* 14 Federal Reporter, 56, is not in conflict with this decision ; for in that case the court held simply that it was not necessary to determine on demurrer whether the limitation of liability extended to personal injuries, being of the opinion that that question could be better passed upon in the trial to the jury.

The second question is, whether the institution and prosecution of proceedings, under § 4285 in the District Court of the United States for the Southern District of New York, and the decree entered therein by said court, as set forth in the defendant's special pleas, is a bar to the plaintiffs' action in this court. The question is raised in its broadest form by the demurrer to the first special plea ; for that plea is pleaded to the entire declaration, and sets up the proceedings in the District Court, without traversing any of the allegations of fact contained in the declaration, as a com-

plete bar to the action.  The proceedings in the District Court are set forth in rather general terms, but no question is made but that they are sufficiently set forth, and we, therefore, assume that all proper notices were given and the proceeding so conducted, under the statute and the rules established by the Supreme Court of the United States, as to give the District Court complete jurisdiction in the premises.  This being assumed, we think the question here has been virtually settled by the Supreme Court of the United States in the case of *The Providence & New York Steamship Co.* v. *The Hill Manufacturing Co.*, *supra*.  The court there decide that when the decree has once been entered by the District Court establishing the proceeding, the jurisdiction of that court is exclusive, and it is thereafter the duty of all other courts, state or federal, to recognize the decree, when duly pleaded or proved, as a bar to any action for damages occasioned by the disaster to which the decree relates.  It is true that the action in that case was for injuries to property ; but the decision is as applicable to an action for personal injuries, if personal injuries are within the statute.

*Demurrer overruled.*